IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3140-D

| JAMEL C. LEWIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| BOYD BENNETT, et al., | ) | |
| Defendants. | ) | |

Jamel C. Lewis ("plaintiff" or "Lewis"), a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Lewis proceeds pro se and in forma pauperis [D.E. 2]. On May 27, 2009, the court conducted a review of plaintiff's complaint pursuant to 28 U.S.C. § 1915. The court denied plaintiff's first motion to appoint counsel [D.E. 3], dismissed four defendants without prejudice, allowed plaintiff's claims for deprivation of his constitutional right to practice his religion and cruel and unusual punishment to proceed, and directed plaintiff to particularize his claim for excessive force by "identify[ing] the unnamed officers, stat[ing] the injury stemming from these defendants' actions or inactions, and stat[ing] the alleged facts to support his claims" [D.E. 5 at 3]. Lewis filed an amended complaint, and on February 5, 2010, the court reviewed the complaint and allowed the action to proceed [D.E. 9].

On July 26, 2010, all remaining defendants answered the complaint [D.E. 18]. On August 6, 2010, Lewis filed a second motion to appoint counsel [D.E. 20]. On September 7, 2010, all remaining defendants filed a motion for judgment on the pleadings [D.E. 21]. On September 20, 2010, Lewis filed a response to the motion for judgment on the pleadings [D.E. 23], opposing

dismissal and once again "request[ing] a motion for the appointment of counsel." Pl.'s Opp. Defs.' Mot. at 1.

I.

Defendants seek judgment on the pleadings solely on the ground that Lewis has not exhausted his administrative remedies, and they have produced evidence that Lewis failed to comply with prison grievance procedures and/or did not exhaust his administrative remedies until after he filed this action. Mem. Supp. Defs.' Mot. at 4–7; see also Answer, Exs. A-C (copies of grievances indicating exhaustion after plaintiff filed this action). Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute; therefore, the court can decide the case on its merits by considering the pleadings along with any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c).

The same standard applies to a motion for judgment on the pleadings under Rule 12(c) as for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302.

2

Similarly, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Giarrantano, 521 F.3d at 302.

The Prison Litigation Reform Act of 1995 ("PLRA") requires inmates to exhaust administrative remedies before filing suit to challenge the conditions of their confinement. See 42 U.S.C. § 1997e(a). Therefore, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Jones v. Bock, 549 U.S. 199, 211 (2007). Moreover, a prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211; see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). The exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Stokes v. Moore, 5:08-CT-3045-FL, slip op. at 4 (E.D.N.C.

3

Jan. 29, 2010) (unpublished); Shouse v. Madsen, 7:09-CV-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

In opposition to dismissal, Lewis contends that he "disagree[s] with what [the defendants] said/stated" and "definitely [does not] want [his] complaint to be dismissed[,]" that he has evidence in the form of letters "in which [he] attempted to reach out to the defendants during the time of the incident of this complaint" and believes "the letters can and will help [him] with this lawsuit[,]" but that he does not understand "what . . . to do about the defendents [sic] motion[,]" does not know "how . . . [to] submit" the letters, "can not find the meaning / definition of th[e] term" dispositive motion, and in general "really [does not] have a clue what's going on now." Pl.'s Opp. Defs.' Mot. at 1-2. However, because it is clear to the court from the grievance information that this action cannot proceed, allowing plaintiff further time to respond to the motion for judgment on the pleadings would be futile. Additionally, the acts forming the basis of plaintiff's claims occurred in June and October 2008, Compl. at 3, 5-10, and there is a three-year statute of limitations on section 1983 claims. See, e.g., Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 (4th Cir. 1991). Thus, dismissing the action without prejudice at this juncture allows plaintiff time to re-file his complaint, if he so chooses.

As for Lewis' second motion to appoint counsel and additional request for the appointment of counsel in his opposition to the motion for judgment on the pleadings, the motion is denied for the reasons stated in the court's May 27, 2009 order. Appointment of counsel would not cure the procedural defect of plaintiff's failure to exhaust administrative remedies before filing this action.

4

## II.

In sum, plaintiff's motion for appointment of counsel [D.E. 20] is DENIED, defendants' motion for judgment on the pleadings [D.E. 21] is ALLOWED, and this action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED. This _5_ day of November 2010.

*/s/ James Dever*
JAMES C. DEVER III
United States District Judge